POSTED ON WEB SITE

FILED

DEC 2 7 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:                          )
                                )
                                )   Case No. 05-29937-B-7
ISAAC CHAVEZ, JR.,              )
                                )   D.C. No. MAR-3
                                )
                                )
              Debtor.           )   Submitted November 21, 2006
                                )
_____)

**MEMORANDUM DECISION**

By this motion (the "Fee Application"), Mariam S. Marshall, Esq. of Marshall & Ramos, LLP ("Applicant"), counsel for the chapter 7 trustee, seeks approval of attorney's fees and costs totaling $33,504.90. The debtor's opposition is sustained in part and overruled in part. The opposition of The Golden 1 Credit Union is overruled. The Fee Application is granted in part and denied in part. Fees are approved in the amount of $262.00, and costs are approved in the amount of $63.88, for a total of $325.88 to be paid as an administrative expense by the chapter 7 trustee. Fees of $17,945 and costs of $641.01 ($18,586.01 total) are denied. Fees of $14,063 and costs of $530.01 ($14,593.01 total) are denied without prejudice under In re Shirley, 134 B.R. 940 (B.A.P. 9th Cir. 1992). The following constitutes the court's findings of fact and

- 1 -

163

conclusions of law pursuant to Fed. R. Bankr. P. 7052.[1]

**FACTS**

On August 16, 2005, the debtor filed a pro se voluntary petition under Chapter 7 of the Bankruptcy Code.  Prem Dhawan was appointed interim trustee (the "Dhawan").  The Section 341 Meeting convened on September 23, 2005, the debtor appeared and the meeting was continued to October 14, 2005.  The reason for the continuance is not disclosed in Dhawan's Report of § 341 Meeting (Dkt. No. 7).  The Section 341 Meeting re-convened on October 14, 2005, the debtor again appeared and the meeting was again continued to November 4, 2005.  The reason for the second continuance is not disclosed in Dhawan's Report of § 341 Meeting (Dkt. No. 11).

On October 19, 2005, the Dhawan filed an application to employ Marshall & Ramos, LLP ("Applicant") as his counsel pursuant to 11 U.S.C. § 327(a) (Dkt. No. 8).  On October 28, 2005, this court signed and entered an order (the "Employment Order") authorizing the Dhawan to employ Applicant as his counsel (Dkt. No. 12).  The Employment Order contained no effective date for Applicant's employment.

Sometime after the initial Chapter 7 filing, the debtor retained counsel, and on October 28, 2005, the debtor filed an amended petition listing the case as one under Chapter 13 (Dkt. No. 13), together with amended schedules (Dkt. No. 13), a Chapter 13 plan (Dkt. No. 14), a motion to value a vehicle (Dkt. No. 14) and a

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §101 *et seq.*, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

1    substitution of counsel (Dkt. No. 15).

2         On November 1, 2005, the debtor filed a motion to convert the

3    case from Chapter 7 to Chapter 13, and an order converting the case

4    was entered the same day (Dkt. No. 16).

5         On November 6, 2005, Jan P. Johnson was appointed Chapter 13

6    trustee (Dkt. No. 18).

7         On November 10, 2005, Dhawan filed an objection to the

8    debtor's claim of homestead exemption (Dkt. No. 21).  On December

9    14, 2005, Dhawan filed an objection to confirmation of the debtor's

10   Chapter 13 plan and a motion to re-convert the case to Chapter 7

11   (Dkt. No. 32).  Dhawan's objection and motion were heard on March

12   14, 2006.  The case was re-converted to Chapter 7, and Dhawan's

13   objection to confirmation was overruled as moot (Dkt. No. 87).  An

14   order on the foregoing matters was signed March 16, 2006 and

15   entered March 20, 2006 (Dkt. No. 93).

16        Dhawan was again appointed interim Chapter 7 trustee on March

17   21, 2006 (Dkt. No. 99).  The Section 341 meeting after re-

18   conversion was held on May 12, 2006, the debtor appeared and the

19   meeting was concluded (Dkt. No. 114).  No trustee was elected by

20   creditors at the Section 341 meeting, and Dhawan became the Chapter

21   7 trustee.

22        On October 5, 2006, Applicant filed the present request for

23   compensation and reimbursement of expenses (Dkt. No. 124).  The Fee

24   Application seeks compensation and reimbursement of expenses for

25   the period October 11, 2005 through November 7, 2006, the date the

26   Fee Application was initially calendared for hearing, equaling

27   $32,270 in fees and $1,234.90 in expenses, for a total request of

28                              - 3 -

1    $33,504.90.

2        The Fee Application thus covers three periods of time: part of

3    the first Chapter 7 period, from October 11, 2005 to November 1,

4    2005 (the "First Period"), the Chapter 13 period, from November 1,

5    2005 to March 20, 2006 (the "Second Period") and part of the second

6    Chapter 7 period, from March 20, 2006 to November 7, 2006 (the

7    "Third Period").

8        The Fee Application was initially calendared for hearing on

9    November 7, 2006.  The court continued the Fee Application without

10   oral argument to November 21, 2006 to consider further the numerous

11   papers filed on this matter.  The Fee Application came on for

12   hearing on November 21, 2006, after which the court took the matter

13   under submission.

14

15                          **ANALYSIS**

16       As noted above, the Fee Application covers three distinct

17   periods of time.  The court will address each separately below.

18

19                       **THE FIRST PERIOD**

20       The court authorized the employment of counsel for the trustee

21   on October 28, 2006.  This department follows In re Shirley, 134

22   B.R. 940 (B.A.P. 9th Cir. 1992), which states the rule that

23   professionals are not entitled to compensation from the estate for

24   work done prior to the authorization of their employment.  Orders

25   are effective on the date they are entered on the docket by the

26   clerk, unless the court orders a different effective date.  Sewell

27   v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 180 (9th Cir. BAP

28                              - 4 -

2006).  Thus, in the absence of an earlier effective date in the order, employment is authorized when the clerk enters the order authorizing employment on the docket.  Furthermore, this court is bound by the Ninth Circuit's decision In re THC Financial Corp, 837 F.2d 389 (9th Cir. 1988).  That decision requires a showing of extraordinary circumstances to justify retroactive employment. This department generally permits the inclusion in an employment order of an effective date up to thirty (30) days before filing (not service) of an application for employment because the administrative requirements associated with obtaining approval of employment justify retroactive approvals of up to that duration without any additional showing of extraordinary circumstances.

The employment order does not indicate that the employment was effective as of an earlier date, and no evidence of extraordinary circumstances has been presented to warrant compensation prior to the court's authorization.  Applicant seeks compensation during the First Period in the amount of $2,657 in fees and $117.14 in costs ($2,774.14 total).  Compensation for services prior to October 28, 2006 ($2,395.00 in fees and $53.26 in costs) is denied without prejudice.  In re Shirley, 134 B.R. 940 (B.A.P. 9th Cir. 1992). During the First Period, the court approves fees and costs totaling $325.88.

**THE SECOND PERIOD**

Applicant is not entitled to compensation from the estate during the Second Period.  Fees of $17,945 and costs of $641.01 ($18,586.01 total) are disallowed.

1    The court agrees with debtor's reading of In re Rakosi, 99

2  B.R. 47 (Bankr. S.D. Cal. 1989).  Conversion of the case to one

3  under chapter 13 divested Dhawan of standing to act on behalf of

4  the estate.  See 11 U.S.C. § 348(e).  "The effect of a Chapter 13

5  conversion is to divest the Chapter 7 trustee of any authority to

6  act on behalf of the estate in favor of the debtor and/or the

7  Chapter 13 trustee.  The Chapter 7 trustee simply has no further

8  capacity or standing to act on behalf of the converted estate as a

9  fiduciary, or to employ professionals to be compensated from the

10  estate."  Id. at 50.  Dhawan and the professionals employed by him

11  are not entitled to attorney's fees and costs under 11 U.S.C.

12  Section 330 for the period during which this case was one under

13  chapter 13.

14    Applicant's attempt to distinguish Rakosi is unpersuasive.

15  The fact that this case ultimately re-converted to chapter 7 did

16  not authorize Dhawan or his counsel to act on behalf of or to

17  represent the estate during the Second Period.

18    On re-conversion, Dhawan was again appointed interim trustee.

19  See Notice of Appointment on Interim Trustee, Dkt. No. 99.

20  Applicant's pleadings and its comments at oral argument show a

21  misunderstanding of the significance of this fact.  This case is

22  not a single contiguous event.  The effect of Section 348 on this

23  case is to break it into three distinct time periods.  This

24  conclusion is buttressed by the fact that there is no requirement

25  under the Bankruptcy Code or Rules that Dhawan be again appointed

26  as interim trustee on re-conversion to chapter 7.  It makes

27  practical sense to re-appoint the first chapter 7 trustee because

28
- 6 -

it eliminates the need to educate a new trustee on the facts of the case, thereby minimizing administrative claims, but there is no requirement that the first chapter 7 trustee be re-appointed.

The court is not persuaded by the case cited by Applicant, In re Washington, 232 B.R. 814 (Bankr. S.D. Fla. 1999).  That decision relied on an earlier bankruptcy court decision, In re Collins, 210 B.R. 538 (Bankr. N.D. Ohio), which awarded fees in similar circumstances based on a theory of quantum meruit.  However, such an award in this Circuit is foreclosed by In re Shirley, 134 B.R. 940, 944 (B.A.P. 9th Cir. 1992) and McCutcheon, Doyle, Brown & Enerson v. Official Committee of Unsecured Creditors (In re Weibel), 176 B.R. 209 (B.A.P. 9th Cir. 1994).  State court theories of compensation are preempted by the comprehensive compensation scheme in the Bankruptcy Code.

Fees and costs for the Second Period are also unavailable to Applicant under her alternate theory: 11 U.S.C. § 503.  Applicant admitted in the Fee Application and at oral argument that the trustee and she were proceeding as creditors based on their own financial interests during the chapter 13 case.  This court previously made a finding that they had standing as creditors to move for re-conversion.  Section 503(b)(3) permits reimbursement of specified categories of actual, necessary expenses for creditors, custodians, members of creditor's committees, and other specified entities.  Section 503(b)(4) permits "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this section,..."  11 U.S.C. § 503(b)(4) (West 2005).  None of the sub-

1  parts of Section 503(b)(3) applies here.   Subsections 503(b)(3)(A),

2  (B), (C), (E) and (F) are clearly inapplicable.   While it is clear

3  that Applicant provided a "substantial contribution" during the

4  chapter 13 portion of this case, Subsection 503(b)(3)(D) does not

5  apply because by its terms, it is limited to acts taken in chapters

6  9 or 11.   See Rakosi, 99 B.R. at 50-51.

7  　　　Finally, the court finds that fees are unavailable under the

8  more general 11 U.S.C. § 503(b)(1)(A).   It is a tenet of statutory

9  construction that the more specific statute governs over the more

10 general when they both address the same subject matter.   Morales v.

11 Trans World Airlines, Inc., 504 U.S. 374, 384, 112 S.Ct. 2031,

12 2037, 119 L.Ed.2d 157 (1992); U.S. v. 103 Electronic Gambling

13 Devices, 223 F.3d 1091, 1102 (9th Cir. 2000).   To allow attorney's

14 fees to a creditor's counsel under the broader statute would write

15 the limitations imposed by Congress in Sections 503(b)(3) and

16 (b)(4) out of the statute.   "Courts should give effect to all parts

17 of a statute, and should not adopt a statutory construction that

18 makes any part of the statute superfluous or meaningless, if that

19 result can be avoided."   3A Norman J. Singer, SUTHERLAND STATUTORY

20 CONSTRUCTION, §70:6 (6th ed. 2006).

21 　　　Based on the foregoing, the debtor's objection regarding those

22 fees and costs incurred during the Second Period is sustained.

23 Fees of $17,945 and costs of $641.01 ($18,586.01 total) are

24 disallowed.

25 //

26 //

27 //

28

**THE THIRD PERIOD**

Applicant seeks compensation during the Third Period in the amount of $11,668 in fees and $476.75 in costs ($12,144.75 total). These fees and costs are denied without prejudice.

As noted above, conversion of the case to chapter 13 terminated Dhawan's service as chapter 7 trustee. 11 U.S.C. § 348(e). Similarly, when the case converted back to chapter 7, the services of chapter 13 trustee Jan Johnson terminated. On re-conversion to chapter 7, Dhawan was again appointed chapter 7 trustee. His appointment, as opposed to another trustee on the panel, was done purely for administrative convenience. As stated above, Dhawan's appointment saved time and resources as compared with a different trustee who would have been required to educate himself or herself on the history and other facts of the case. Dhawan's appointment made practical sense, but the court is aware of no statute or rule requiring his appointment.

Because Dhawan is now the trustee, he has the right to employ professionals to be compensated from the estate under Sections 327 through 331. But because he is effectively a "new" trustee in the re-converted case, he must comply with employment provisions. The court is aware of no authority permitting counsel employed by the trustee in the initial chapter 7 phase to have their employment orders "wrap around" to cover employment by the trustee in the re-converted chapter 7. Therefore, Applicant was required to re-apply for employment once Dhawan was appointed trustee in the re-converted chapter 7. Applicant failed to obtain re-employment and is therefore not presently employed by chapter 7 trustee.

- 9 -

Applicant is therefore not presently entitled to compensation from the estate for the Third Period. <u>In re Shirley</u>, 134 B.R. 940 (B.A.P. 9th Cir. 1992). Applicant may re-apply for the fees and costs incurred in the Third Period if it successfully obtains retroactive employment under the standard set forth in <u>In re THC Financial Corp</u>, 837 F.2d 389 (9th Cir. 1988).

### OTHER OBJECTIONS

The balance of debtor's opposition lacks merit. His argument that the August 31, 2006 Stipulation for Dismissal in Adversary Proceeding 05-2444 precludes applicant from seeking approval of certain tasks detailed in this application is unpersuasive. It results from a misunderstanding of the real parties-in-interest in that adversary proceeding. The trustee is the representative of the estate. The settlement provided only that the plaintiff and the estate (through the trustee) would bear their own fees and costs. This compensation motion is part of the process by which the estate bears its own fees and costs. Nothing in the stipulation even remotely implies that the trustee will be required personally to bear the fees and costs of the estate's adversary proceeding against Ms. Chavez. All other objections by debtor have been subsumed by the foregoing.

The court declines to reduce applicant's fees further based on the issues raised by The Golden 1 Credit Union in its opposition. The explanation provided by Applicant in her reply sufficiently addresses those issues, and the opposition of The Golden 1 Credit Union is therefore overruled. The court notes that Applicant should separately detail the time billed for attending hearings,

- 10 -

1  the time devoted to preparation and the time devoted to post-
2  hearing memos to file.  Such additional detail would avoid
3  questions regarding Applicant's billing practices.

### CONCLUSION

5       For the reasons set forth above, the motion is granted in part
6  and denied in part.  The Fee Application is approved for a total of
7  $325.88 in fees and costs to be paid as an administrative expense
8  by the chapter 7 trustee.  As set forth in the First and Final
9  Application, these fees as adjusted above are reasonable
10 compensation for actual, necessary and beneficial services.

11      The court will issue a separate order that satisfies the
12 requirements of Bankruptcy Rule 9021.

13 Dated:  DEC 2 7 2006

14                                        _____
                                          THOMAS C. HOLMAN
15                                        UNITED STATES BANKRUPTCY JUDGE

- 11 -

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the US Trustee
501 I St. Ste 7-500
SACRAMENTO, CA 95814

Mariam Marshall
350 Frank H Ogawa Plaza #600
Oakland, CA 94612

Peter Macaluso
910 Florin Rd #111
Sacramento, CA 95831-5259

Roxanne Daneri
555 University Ave #114
Sacramento, CA 95825

Isaac Chavez
3645 Reel Cir
Sacramento, CA 95832

Prem Dhawan
PO Box 965
Benicia, CA 94510

DATED:  12/28/06

By: _____
Deputy Clerk

EDC 3-070  (New 4/21/00)